20-1528-cr
*United States v. Nava*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-one.

Present:

> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*
> JOHN L. SINATRA, JR.,
> *District Judge.*\*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                No. 20-1528-cr

ALFREDO CARBALLO NAVA, AKA ALFREDO CARBALLO, AKA ALFREDO NAVA,

> *Defendant-Appellant.*

---

For Defendant-Appellant:          Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

For Appellee:          Rajit S. Dosanjh, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

---

\* Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on April 29, 2020, is **AFFIRMED**.

Defendant-Appellant Alfredo Carballo Nava appeals from a criminal judgment entered on April 29, 2020, in the United States District Court for the Northern District of New York. Nava—a Mexican citizen who was unlawfully present in the United States—was convicted after a jury trial of knowingly using and possessing counterfeit immigration documents, in violation of 18 U.S.C. § 1546(a). On April 28, 2020, the district court sentenced Nava to time served (approximately nine months) and three years of supervised release.

On appeal, Nava argues that it was procedurally unreasonable to impose a three-year period of supervised release because the Sentencing Guidelines recommend that a court should not ordinarily impose a period of supervised release on a deportable alien whose deportation is likely. *See* U.S.S.G. § 5D1.1(c). Nava also contends that his sentence was substantively unreasonable because his criminal history and background did not warrant the period of supervised release. We assume the reader's familiarity with the record.

Nava did not object to his term of supervised release at sentencing, and so we review the district court's imposition of that term for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir. 2007). We discern no error, plain or otherwise, in the sentence imposed by the district court.

The district court did not commit procedural error. Section 5D1.1(c) of the Sentencing Guidelines states that a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien *who likely*

2

*will be deported after imprisonment"* (emphasis added). Nava has failed to demonstrate that he falls into the category of aliens "who likely will be deported after imprisonment." There was no indication at sentencing that Nava was likely to be removed from the United States; to the contrary, his immigration hearing has been adjourned until May 11, 2021, and he has remained on supervision in the United States for nearly a year since his release from incarceration. Section 5D1.1(c) is clearly addressed to defendants, unlike Nava, who will not be present in the United States for any appreciable amount of time following their release from prison, and for whom a term of supervised release would therefore be superfluous. Accordingly, the district court did not err—much less plainly so—for failing to follow the course recommended by U.S.S.G. § 5D1.1(c).

Nor is the three-year term of supervised release substantively unreasonable. We review the substantive reasonableness of a sentence deferentially, for abuse of discretion, and will reverse a sentence only if is "shockingly high, shocking low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). To begin with, a three-year term falls squarely within the one-to-three-year range of supervised release terms suggested by the applicable guidelines for a Class C felony like Nava's offense of conviction. *See* U.S.S.G. § 5D1.2(a)(2). Moreover, the district court explained that its sentence was designed in part to afford "adequate deterrence." App'x at 32. This was a reasonable concern in the present case, where Nava had been living and working in the United States illegally for nine years prior to his arrest, had entered the United States illegally on more than one occasion, had used counterfeit documents to justify his stay, and had been arrested for driving while intoxicated. In light of these factors, a three-year term of supervised release was substantively reasonable.

*       *       *

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk